Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3586 | **DATE** | 11/2/2001 |
| **CASE TITLE** | Parker vs. Risk Management Alternatives | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendant's request that the court dismiss the instant suit is denied. Plaintiff's motion to strike defendant's offer of judgment is also denied. Defendant is ordered to respond to plaintiff's motion for class certification on or before 11/26/01, and plaintiff is ordered to file a reply on or before 12/17/01. Status hearing set for 2/14/02 at 9:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 5 2001 date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/2/2001 | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | 01 NOV -2 PM 2:36 | JD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES L. PARKER, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, ) No. 01 C 3586
)
v. ) 
) Judge Robert W. Gettleman
RISK MANAGEMENT ALTERNATIVES, INC., )
a Delaware Corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, James L. Parker, individually and on behalf of all others similarly situated, filed a class action complaint on May 16, 2001, alleging that defendant, Risk Management Alternatives, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). On July 13, 2001, defendant sent plaintiff an offer of judgment for $1,000 plus costs and reasonable attorneys' fees (representing the total statutory amount plaintiff could personally recoup from defendant in the instant case) pursuant to Federal Rule of Civil Procedure 68.[1] On July 19, 2001, plaintiff filed a motion for class action certification pursuant to Federal Rule of Civil Procedure 23 and simultaneously moved to strike defendant's offer. The court

---

[1] Rule 68 reads, in part: Offer of Judgment

[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

stayed briefing of the motion for class action certification while the parties addressed plaintiff's motion to strike.

## DISCUSSION

At the outset, the court notes that both plaintiff and defendant have erred procedurally with respect to the instant motion. Plaintiff has erred by moving to strike a document that has not been filed with the court.[2] Defendant has erred by arguing that the court should dismiss the instant case in the middle of its brief in response to plaintiff's motion to strike instead of in a motion to dismiss. Despite these errors, however, the court will address the merits of both parties' arguments, beginning with defendant's.

According to defendant, because its Rule 68 offer to plaintiff covered the full amount of relief prayed for by plaintiff in his complaint, and because plaintiff rejected that offer, plaintiff's FDCPA claim is moot and the instant case should be dismissed in its entirety. There are two problems with defendant's argument. First, defendant is incorrect that its offer to plaintiff covered the full amount of relief prayed for by plaintiff in his complaint. Plaintiff's complaint is not only clearly styled as a putative class action suit, but its prayer for relief asks the court to certify the instant case as a class action, appoint plaintiff as the class representative, and appoint plaintiff's attorney as class counsel. Cf. Gibson, 2001 U.S. Dist. LEXIS 10669, at *7 (emphasizing, when faced with analogous facts, that, "it was perfectly clear from the language of [the plaintiff's] complaint that class certification would be sought"). Thus, at the time defendant

---

[2] One court has taken such action at the urging of plaintiff's counsel, Gibson v. Aman Collection Serv., 2001 U.S. Dist. LEXIS 10669 (N.D. Ill. July 23, 2001), but this court declines to follow that decision, at least procedurally.

2

made its offer, it was well aware that plaintiff sought relief beyond merely his personal statutory damages.

Defendant does not address these facts, of course, but instead banks its argument on the fact that when it made its offer of judgment to plaintiff, he had not yet moved for class certification. According to defendant, plaintiff was therefore obligated by Rule 68 to accept defendant's offer because it matched the maximum statutory recovery to which plaintiff was personally entitled (and, in effect, it was the equivalent of plaintiff totally prevailing at trial), and his failure to accept that offer consequently mooted this entire case. The problem with this argument is that it completely ignores the fact that plaintiff filed his motion for class action certification on the sixth day of the ten-day period allotted to him for accepting or not responding to defendant's offer under Rule 68. Indeed, because plaintiff filed his motion for class certification within that ten-day period, at the time defendant's offer expired it did not cover the full amount of relief sought in the instant case. Consequently, even setting aside the clear notice in plaintiff's complaint that he intended to represent a class, the court finds that plaintiff's act of allowing defendant's offer to lapse did not moot plaintiff's FDCPA claim. See Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239 (N.D. Ill. 2001); Asch v. Teller, Levit & Silvertrust, P.C., 200 F.R.D. 399 (N.D. Ill. 2000).

Defendant argues that Seventh Circuit precedent and one of this court's own prior rulings dictate a contrary conclusion. Defendant is mistaken. As multiple district courts in this circuit have explained, Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012 (7th Cir. 1999), and Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994), the Seventh Circuit cases upon which defendant relies, are distinguished from cases (such as the instant case) where the defendant makes a Rule 68 offer and plaintiff files a motion for class action certification prior to the

3

expiration of the ten-day offer period under Rule 68. See e.g., Kremnitzer, 202 F.R.D. 239 (distinguishing Griesz on the basis that when the defendant made the Rule 68 offer, the district court had already denied the plaintiff's motion for class certification, and distinguishing Holstein on the basis that the plaintiff in that case failed to file his motion for class certification prior to "the evaporation of his personal stake"[3]); Asch, 200 F.R.D. 399 (same).

Likewise, this court's prior decision in Wiskur v. Short Term Loans, 94 F. Supp. 2d 937 (N.D. Ill. 2000), is also distinguished from the instant case. As Kremnitzer and Asch have already pointed out, the plaintiff in Wiskur failed to file his motion for class action certification prior to the expiration of the ten-day period following the defendant's Rule 68 offer. See 94 F. Supp. 2d at 938 (explaining that, "While [the defendant's motion to dismiss on the grounds that the plaintiff's claim had been rendered moot] was pending, but well after the Rule 68 offer had lapsed, [the plaintiff] filed a motion for a document preservation order, a motion for class certification, and two other motions to amend the pleadings"). Thus, although Griesz, Holstein and Wiskur might dictate dismissal of plaintiff's claim as moot had he failed to file a motion for class action certification before the expiration of the ten-day window provided in Rule 68, that is not what occurred in the instant case.

Moreover, although not addressed by this court in Wiskur, Rule 23(e) precludes mootness in the instant case because defendant's Rule 68 offer to plaintiff individually could not have been accepted by him at any time during the ten-day period under Rule 68 without the approval of this court. See Baker v. America's Mortgage Servicing, 58 F.3d 321 (7th Cir. 1995) (finding that Rule 23(e) requires court approval of settlements of putative class actions where the complaint

---

[3] The Holstein court does not mention Rule 68, and thus it is not clear whether the offer in that case was an offer of judgment made pursuant to that rule. See 29 F.3d 1145. If the offer was made pursuant to Rule 68, the facts indicate that (unlike in the instant case) the plaintiff failed to file his motion for class action certification within the allotted 10-day period. If the offer was not made pursuant to Rule 68, then Holstein is further distinguished from the instant case on that basis.

4

contains class allegations). For all of these reasons, the court denies defendant's request to dismiss this case.

Having reached the above conclusions, the court finds it unnecessary to address plaintiff's arguments supporting his motion to strike. Even assuming it is possible to strike a document that has not been filed with the court, there is no point in striking defendant's offer because it is void of legal significance in the instant case. Accordingly, plaintiff's motion to strike is denied.

## CONCLUSION

For the foregoing reasons, defendant's request that the court dismiss the instant suit is denied. Plaintiff's motion to strike defendant's offer of judgment is also denied. Defendant is ordered to respond to plaintiff's motion for class action certification on or before November 26, 2001, and plaintiff is ordered to file a reply on or before December 17, 2001. This matter is set for a status hearing on February 14, 2002, at 9:00 a.m.

ENTER: November 2, 2001

_____
Robert W. Gettleman
United States District Judge