# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3586 | **DATE** | Feb. 25, 2002 |
| **CASE TITLE** | James L. Parker   v   Risk Management  Alternatives, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3/14/02, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]
    Memorandum opinion and order entered. Accordingly, plaintiff's motion for class certification is granted.

(11) ☐ [For further detail see order attached to the original minute order.]

|   | No notices required, advised in open court. | | | |
|---|---|---|---|---|
|   | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
|   | Notified counsel by telephone. | | FEB 2 6 2002 date docketed | |
|   | Docketing to mail notices. | | | |
|   | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
|   | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 02 FEB 25 PM 3:18 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 26 2002

JAMES L. PARKER, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, ) No. 01 C 3586
)
v. )
) Judge Robert W. Gettleman
RISK MANAGEMENT ALTERNATIVES, INC., )
a Delaware Corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, James L. Parker, individually and on behalf of all others similarly situated, brought a class action complaint against defendant, Risk Management Alternatives, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff alleges that defendant sent him an initial form collection letter dated April 5, 2001, demanding payment of a consumer debt. Sixteen days later, defendant sent plaintiff a second form collection letter dated April 21, 2001, demanding payment for the same alleged debt. Plaintiff alleges that defendant violated § 1692(g) of the FDCPA because the second form letter came within the 30-day validation period, confusing the unsophisticated consumer as to whether the 30-day period had expired early. See, e.g. Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997).

Plaintiff has moved for certification of a single class defined as:

all residents of the State of Illinois from whom defendant attempted to collect a consumer debt from May 16, 2000, until the filing of this action, relating to a debt allegedly owed to Montgomery Ward, using collection letters identical or similar to the letters plaintiff

1



received, such that the second collection letter was sent within 30 days of the initial collection letter.

For the reasons set forth below, the motion is granted.

## CLASS CERTIFICATION STANDARD

Federal Rule of Civil Procedure 23, which governs class actions, requires a two-step analysis to determine whether class certification is appropriate. Morris v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 336, 340 (N.D.Ill. 2001) (internal quotations and citations omitted). First, plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality, and (4) adequacy of representation. Id.; Fed. R. Civ. P. 23(a). These elements are prerequisites to certification, and failure to meet any one of them precludes certification of the class. Morris, 203 F.R.D. at 340. Second, the action must also satisfy one of the conditions of Rule 23(b). Id.; Fed. R. Civ. P. 23(b).

## DISCUSSION

Plaintiff argues that the proposed class meets all of the requirements of Rule 23(a) as well as the predominance requirement of Rule 23(b). Defendant argues that Plaintiff does not meet any requirements of any of the elements except adequacy of representation under Rule 23(a). The disputed requirements are discussed below.

### I. Rule 23(a)

#### (1) Numerosity

Under Rule 23(a)(1), plaintiff must show that the class is so numerous that joinder of all members is impracticable. The exact number of class members need not be pleaded or proved, but impracticability of joinder must be positively shown and cannot be speculative. Joncek v.

2

Local 714 International of Teamsters Health and Welfare Fund, 1999 WL 755051 at *3, 1999 U.S. Dist. LEXIS 14853 at * 5 (N.D.Ill. 1999). In its reply, plaintiff presents uncontested evidence that there are at least 39, and possibly as many as 97, residents of Illinois that meet the class description requirements provided above. This is an appropriate size for a class. See Miller v. Wexler & Wexler, 1998 WL 60798 at *3, 1998 U.S. Dist. LEXIS 1382 at *7-8 (N.D.Ill. 1998) (listing cases certifying classes with between 17 and 40 members and emphasizing that there is no "magical number at which the numerosity requirement is satisfied") .

Defendant relies on Amcor Trust Co. v. Minnesota Diversified Prods., Inc. 1998 U.S. Dist. LEXIS 11893 at *19 n.3, 1998 WL 433770 at *6 n.3 (N.D.Ill Jul. 28, 1998), to support its claim that the court should disregard any evidence plaintiff may have provided in its reply brief and supporting papers. According to defendant, the use of such evidence is improper and unfair because defendant has no means to answer. The court disagrees. Not only is Amcor distinguished from the instant case, but there is absolutely no indication that defendant has suffered any unfair surprise here.

First, in Amcor only the plaintiff had access to the evidence that the plaintiff attempted to present in its reply brief. Id. at *18. Conversely, in the instant case, plaintiff presented the same evidence in its reply brief that defendant provided to plaintiff in its response to plaintiff's interrogatories, which were served the same day defendant filed its response to plaintiff's class certification motion. Specifically, the evidence defendant provided affirmed that there were at least 39, and possibly as many as 97, Illinois residents who, like plaintiff, received the same two form letters within 30 days. Under these circumstances, plaintiff cannot be faulted for not advancing this evidence in its original motion, and defendant cannot prevent plaintiff from doing

3

so now based on a claim of unfair surprise.

Defendant also argues that the court may not merely accept the allegations in plaintiff's complaint as true in deciding whether to certify a class, relying on Szabo v. Bridgeport Machines, Inc., 249 F.3d 672 (7th Cir. 2001), for support. Defendant's citation to Szabo is misplaced, however. First, the court's decision not to grant class certification in Szabo was based on choice of law and manageability issues, not lack of evidence in the original motion for class certification. Id. at 674-675. Second, Szabo states that the court should not accept plaintiff's claims as true if contrary evidence has been provided. Id. at 676. In the instant case, there is no contradictory evidence. Both parties agree that there are at least 39, and possibly as many as 97, Illinois residents in the class.. Thus, the court considers the evidence submitted in plaintiff's reply brief and concludes, based upon that information, that plaintiff has satisfied the numerosity requirement.

**(2) Commonality and Typicality**

Commonality generally requires the presence of questions of law or fact common to the class. The Rule does not mandate absolute commonality; a common nucleus of operative fact is usually enough to satisfy the requirement. Jancek, 1999 WL 755051 at *4. Typicality is satisfied if a plaintiff's claim arises from the same event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory. Id. Because commonality and typicality are closely related, a finding of one often results in a finding of the other. Id.

Courts have repeatedly held that it is appropriate to certify similar FDCPA claims for class action treatment. See, e.g. Gammon v. G.C. Services Limited Partnership, 162 F.R.D. 313

4

(N.D.Ill. 1995); Randle v. G.C. Services, L.P., 181 F.R.D. 602 (N.D.Ill. 1998). In the instant case, the same action by defendant--the mailing of nearly identical form letters within the 30-day period--gives rise to the class members' claims. See Brewer v. Friedman, 152 F.R.D. 142, 144 (N.D.Ill. 1993). Further, the claims are based on the same issues and rely on the same legal theory, because they all allege violations of §1692(g) of the FDCPA. Id. at 144-145. Therefore, plaintiff has satisfied the commonality and typicality requirements.

## II. Rule 23(b)(3)

Under the superiority requirement of Rule 23(b), questions of law or fact common to the class must "predominate over any questions affecting only individual members," and a class action must be superior to other available methods for the fair and efficient adjudication of the controversy. In a slight variation of its argument above, defendant asserts that the requirement of predominance is not met in the instant case because, looking only at the evidence presented in plaintiff's original motion, plaintiff has not established that the two form letters were mailed within the 30-day period. The court disagrees, the court will consider plaintiff's evidence that defendant submitted simultaneously with its response brief. That evidence shows that the letters were indeed mailed within the 30-day period. Therefore, plaintiff has satisfied the requirements of Rule 23(b)(3). The court finds that a class action is a superior means of adjudicating the claims in the instant case because the damages awarded to individual class members may be too insignificant to provide an incentive for them to pursue their FDCPA claims individually in court. See Brewer, 152 F.R.D. at 144.

## III. Defendant's Other Arguments Opposing Class Certification

Defendant argues further that class certification is inappropriate at this time for two

5

reasons. First, defendant claims, its investigation of the facts in the instant case has led it to conclude that "the letter vendor used by [defendant] to send collection letters may have, unbeknownst to [defendant], failed to follow [defendant's] instructions and therefore may have sent [plaintiff] his first letter nearly three weeks later than [defendant] had instructed." Based on this, defendant asks that it be allowed to continue its investigation to determine the cause of the error that was made. Along the same lines, defendant asks the court to deny plaintiff's motion without prejudice until such time as "the case becomes more mature" because, defendant claims, "At this stage of the litigation . . . [plaintiff] cannot demonstrate that certification is appropriate without further discovery and potentially third party subpoenas."

The court finds these arguments disingenuous at best. To begin, defendant is (or should be) well aware of Federal Rule of Civil Procedure 23(c)(1), which provides that the court should determine whether a class action may be maintained "as soon as practicable after the commencement of an action brought as a class action." The same rule also takes into account the concerns defendant raises by providing that, "An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." Although courts in some cases have found that some discovery could be helpful prior to addressing such a motion, Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981), such a delay is by no means necessary. In Eggleston, the court delayed class certification because the issues of fact and law involved in the discrimination claim were complex and because discovery in that case had been improperly conducted. Id. Unlike Eggleston, the information produced to date in the instant case is sufficient to support class certification.

The other reason the court finds defendant's argument without merit is that, based on the

6

procedural history of the instant case, there can be little doubt that defendant's own actions forced plaintiff to file this motion sooner than plaintiff otherwise would have. As discussed at length in the court's prior opinion in this case, Parker v. Risk Mgmt. Alternatives, Inc., 204 F.R.D. 113 (N. D. Ill. 2001) ("Parker I"), on the same day that defendant filed its answer to plaintiff's complaint (which styled the instant suit as a class action), defendant sent plaintiff an offer of judgment for $1,000 plus costs and reasonable attorneys' fees (the total statutory amount plaintiff could personally recoup from defendant in the instant case) pursuant to Rule 68. This action forced plaintiff to respond almost immediately, which plaintiff did, filing a motion to strike defendant's Rule 68 offer and also the instant motion for class certification six days later. In addressing plaintiff's motion to strike, defendant argued that because its offer covered the full amount of relief prayed for by plaintiff in his complaint, and because plaintiff did not accept that offer, plaintiff's statutory claim was moot and the instant case should be dismissed in its entirety. Parker I at 114. The court disagreed, finding that because plaintiff's complaint was styled as a class action, because he filed his motion for class certification within the ten-day period allotted under Rule 68 (during which plaintiff may accept defendant's offer or simply not respond, thereby allowing that offer to lapse), and because Rule 23(e) required the court's pre-approval of plaintiff's acceptance (if any) of defendant's offer, that offer did not prevent plaintiff from proceeding with its motion to certify a class in the instant case. Parker I at 114-16. Given this history, defendant's labeling plaintiff's class certification motion as premature is impermissibly self-serving and fallacious.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for class certification is granted. The parties are directed to confer and submit a form of notice to the class pursuant to Rule 23(c)(2) on or before March 11, 2002, and to appear for a report on status March 14, 2002, at 9:00 a.m.

**ENTER:** **February 25, 2002**

_____
**Robert W. Gettleman**
**United States District Judge**